Joe Willie BYRD, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Court of Appeals of Kentucky.

March 21, 1986.

Rehearing Denied May 16, 1986.

Linda K. West, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., W. Bruce Cowden, Jr., Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, C.J., and CLAYTON and WHITE,* JJ.

WHITE, Judge.

This appeal is from a judgment of the Fayette Circuit Court by which appellant was convicted of trafficking in marijuana; trafficking in a Schedule II controlled substance (cocaine), second offense; and possession of a Schedule II controlled substance (dilaudid), second offense. The facts will be presented as necessary to the arguments on appeal.

■ Appellant's first assertion is that the trial court erred in denying his motion for a separate trial on his marijuana offense. As part of the evidence relating to the "second offense" aspect of his cocaine and dilaudid counts, it was stipulated that Mr. Byrd had previously been convicted of trafficking in marijuana. It is argued that this information could only serve to prejudice the jury in its decision-making process relating to the current marijuana charge.

RCr 6.18 permits two or more offenses to be charged in the same indictment "if the offenses are of the same or similar character or are based on the same acts or transactions connected together or constituting parts of a common scheme or plan." However, RCr 9.16 makes clear that severance is to be directed if it appears that either the Commonwealth or the defendant will be prejudiced by a joint trial. Such eliminates that which is "unnecessarily or unreasonably hurtful." *Romans v. Commonwealth*, Ky. 547 S.W.2d 128 (1977).

Herein, appellant was arrested in a drug "bust." Although appellant did not reside at the house where the raid was conducted, he testified that he had a contract to pur-

---

* This decision was reached and the opinion concurred in prior to Judge White's appointment to the Kentucky Supreme Court. Release of the opinion was delayed by administrative handling.

chase the house. He denied knowledge of the drugs found, and others testified that they were unaware of drug trafficking at the address. Nevertheless, the lower court determined there was sufficient circumstantial evidence to link appellant with the seized drugs and submitted the three counts to the jury.

Precisely because the evidence against Mr. Byrd was circumstantial rather than overwhelming, we are unable to state that the jury's knowledge of his previous conviction was not that which tilted the balance against him. This information under these facts must be held prejudicial, and the Circuit Court erred in not severing the marijuana count from those relating to the cocaine and dilaudid. To that extent, its judgment is reversed and remanded for a new trial on the trafficking in marijuana charge.

Issues are also raised concerning prosecution on the cocaine and dilaudid offenses. Although not preserved, the matters relate concerns which, if established, would inure to appellant's clear prejudice and should accordingly be addressed. RCr 10.26.

█ Relating to the cocaine count, Mr. Byrd argues that it was error to permit his previous marijuana conviction to convert the present count into a second offense. KRS 218A.990(1) states:

Any person who knowingly and unlawfully traffics in or transfers a controlled substance classified in Schedules I or II which is a narcotic drug or which is included in KRS 218A.070(1)(d) shall, for the first offense, be confined in the penitentiary for not less than five (5) years nor more than ten (10) years or be fined not less than five thousand dollars ($5,000) nor more than ten thousand dollars ($10,000), or both, and for *each subsequent offense* shall be confined in the penitentiary for not less than ten (10) years nor more than twenty (20) years or be fined not less than ten thousand dollars ($10,000) nor more than twenty thousand dollars ($20,000), or both. (Emphasis added.)

It is argued that the statute cannot be read to allow a marijuana conviction to convert a first offense in trafficking cocaine into a "subsequent offense." This argument has been specifically addressed in *Rudolph v. Commonwealth*, Ky., 564 S.W.2d 1 (1977), cert. denied, 439 U.S. 1004, 99 S.Ct. 616, 58 L.Ed.2d 680 (1978), in which reference was made to KRS 218A.990(6)(i) [now incorporated in KRS 218A.990(8)(i) ]:

For purposes of this section, an offense is considered a second or *subsequent offense*, if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to the substances classified as controlled substances. (Emphasis added.)

*Rudolph* spoke to the issue of whether the word "section" in KRS 218A.990(8)(i) was erroneously used instead of the more narrow word "subsection," thus favoring appellant's argument herein, but concluded that the Legislature had intended what was written.

We address appellant's concern at this time only to reaffirm the holding of *Rudolph*. Nine years have passed since that decision, ample time for the Legislature to have altered KRS 218A.990(8)(i) had the wording of that statute indeed not have been as intended. As no changes have been forthcoming, it is apparent that it meant what was written, *i.e.* that one may become a subsequent offender based upon *any* prior conviction under KRS 218A.

Finally, appellant challenges his dilaudid conviction by asserting that the statute under which he was charged is inapplicable because dilaudid is not a narcotic drug. The unchallenged testimony below was that it is a narcotic synthetic derivative of the opium poppy, made from morphine itself. Appellant cannot by mere unsubstantiated, unreferenced assertion claim the contrary on appeal. He has provided this court with nothing concrete to evaluate; allegation alone is an insufficient basis for review much less reversal.

For all the aforementioned reasoning the judgment of the Fayette Circuit Court is affirmed in full as to the cocaine and dilaudid counts but is reversed and remanded for a new trial on the trafficking in marijuana count.

All concur.